UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                      :
MUSTAFA TOREMIS,                                      :
                                                      :
                        Plaintiff,                    :
                                                      :
        -v-                                           :        26 Civ. 2192 (JPC)
                                                      :
KWASI AMPADU,                                         :        OPINION AND ORDER
                                                      :
                        Defendant.                    :
                                                      :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Plaintiff Mustafa Toremis alleges that, on June 22, 2023, Defendant Kwasi Ampadu's car struck him as he was in a crosswalk at 6th Avenue and West 37th Street in Manhattan.  Dkt. 6 ("Am. Compl.") ¶¶ 7, 13.  Plaintiff initiated this action on March 17, 2026, Dkt. 1, so his deadline to serve process on Defendant is approaching on June 15, 2026.  *See* Fed. R. Civ. P. 4(m).  On May 14, 2026, Plaintiff moved to extend that deadline by ninety days and further for leave to effect alternative service via Defendant's vehicle insurer.  Dkt. 11-2 ("Motion") at 2-3.  While Plaintiff has failed to show good cause for not serving Defendant by the June 15 deadline, the Court exercises its discretion to grant Plaintiff an additional ninety days to effect service.  Because Plaintiff has not shown that service by typical methods under New York law is impracticable, his motion for alternative service is denied.

## I.  Motion to Extend the Deadline for Service of Process

Under Federal Rule of Civil Procedure 4(m), a plaintiff generally must serve all defendants "within 90 days after the complaint is filed," but "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).  "In

determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). As a practical matter, weighing these two considerations means that, "[i]n order to establish good cause for failure to effect service in a timely manner, a plaintiff must demonstrate that despite diligent attempts, service could not be made due to exceptional circumstances beyond his or her control." *Spinale v. United States*, No. 03 Civ. 1704 (KMW) (JCF), 2005 WL 659150, at *3 (S.D.N.Y. Mar. 16, 2005), *report and recommendation adopted*, No. 03 Civ. 1704 (KMW) (JCF), Dkt. 67 (Sept. 30, 2005). "A party seeking a good cause extension bears a heavy burden of proof," and "[g]ood cause may not be based only on a showing that the plaintiff encountered some unanticipated difficulty." *Id.*

Even "[i]n the absence of good cause, the Court nevertheless retains the discretion to grant an extension of time to serve the defendant." *Blanco v. Success Acad. Charter Schs., Inc.*, 722 F. Supp. 3d 187, 206 (S.D.N.Y. 2024) (citation modified); *accord Buon v. Spindler*, 65 F.4th 64, 75 (2d Cir. 2023). Courts generally consider four factors to determine if an extension is appropriate where good cause is missing: "(1) whether any applicable statutes of limitations would bar the action once re-filed [which would weigh in favor of extending]; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether [the] defendant attempted to conceal the defect in service; and (4) whether [the] defendant would be prejudiced by extending [the] plaintiff's time for service." *DeLuca*, 695 F. Supp. 2d at 66.

Plaintiff has failed to show good cause to extend his deadline to effectuate service of process. Plaintiff attempted service on Defendant only twice, once at each of two potential addresses for Defendant. The first address, 748 East 223rd Street, 3rd Floor, Bronx, New York 10466, comes from a motor vehicle crash report and appears to be the address Defendant provided

to officers of the Port Authority of New York and New Jersey at the time of the accident.  Motion, Exh. 3 ("Motor Vehicle Crash Report") at 1.  On April 1, 2026, Plaintiff's process server tried to serve the Summons and Amended Complaint at that address, but he found the apartment at that location "vacant."  Motion, Exh. 2 ("Mejia Affidavits") at 1.  The second address is 3127 Sedgwick Avenue, Bronx, New York 10463, which is listed as Defendant's address in a New York State Department of Motor Vehicles ("DMV") database.  Motion, Exh. 4 ("DMV Database") at 2.  On April 25, 2026, the process server attempted service of the Summons and Amended Complaint at that second address, but he found the building "vacant and being renovated."  Mejia Affidavits at 2.  Plaintiff has presented no evidence that the process server returned to either address, asked any neighbor or building management whether Defendant still lived at either location or if they knew of his current residence, or inquired whether Defendant had filed a mail-forwarding notice with the postal service.  Moreover, various other addresses are listed for Defendant in the DMV database under "Address History."  DMV Database at 3-4.  But Plaintiff has not represented that he attempted to serve process, or even looked into, any of those other addresses.  Nor does Plaintiff claim to have taken any steps to identify an additional address for Defendant.  Some difficulty tracking down a defendant's correct address, or the defendant himself, falls short of the "exceptional circumstances" necessary to establish good cause.  *Spinale*, 2005 WL 659150, at *3.

Notwithstanding the lack of good cause, the Court exercises its discretion to extend the service deadline.  The first factor weighs against extending, as the limitations period for Plaintiff's negligence claim is three years from the date of the accident, June 22, 2023, and thus has not yet expired (though it will soon).  *See* Am. Compl. ¶¶ 15-20 (alleging a cause of action for negligence in connection with the car accident on June 22, 2023); N.Y. C.P.L.R. § 214(5) (providing that the limitations period for a personal-injury suit in New York is three years).  So Plaintiff would have

a week to re-file this action were it dismissed without prejudice for his failure to meet the June 15 service deadline. The second factor weighs slightly in favor of not extending because Plaintiff has not provided any evidence that Defendant is on actual notice of this litigation. However, on August 3, 2023, Defendant's insurer, American Transit Insurance Company, confirmed that it is aware of the accident giving rise to this action. Motion, Exh. 5 at 1 (letter from American Transit Insurance Company to Plaintiff dated August 3, 2023). And a person accused of striking a pedestrian with his car reasonably should anticipate that an insurance claim or lawsuit may arise from that event. The third factor is neutral because Defendant has not appeared in this case. The fourth factor weighs heavily in Plaintiff's favor. Defendant will not be prejudiced by extending Plaintiff's time to serve, given that the litigation is still at an early stage. *See Blanco*, 722 F. Supp. 3d at 207 (declining to find prejudice when service would be made after the motion to dismiss has been fully briefed and explaining that courts typically find prejudice when service would be made after the completion of discovery). After considering these factors, and mindful of the early stage of this litigation and the preference to resolve cases on their merits, the Court grants Plaintiff a ninety-day extension to serve Defendant. *See Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) (expressing a preference for resolving cases on the merits).

## II. Motion for Alternative Service

Plaintiff next seeks leave under New York Civil Practice Law and Rules ("N.Y. C.P.L.R.") Section 308(5) to serve Defendant through his insurance company, arguing that traditional service under New York law "is impracticable." Motion at 3-5; *see* N.Y. C.P.L.R. § 308(5) (providing for service in a manner determined by the court where other methods are "impracticable"). "Federal Rule of Civil Procedure 4(e) provides, *inter alia*, that an individual may be served pursuant to the procedures allowed by state law in the state in which the district court is located." *Day v.*

4

*Slothower*, No. 21 Civ. 1188 (PAE), 2021 WL 6427556, at *1 (S.D.N.Y. Apr. 27, 2021). Under New York law, an individual may be served by personal delivery, *see* N.Y. C.P.L.R. § 308(1), or by the combination of delivery "to a person of suitable age and discretion at the" individual's "actual place of business, dwelling place or usual place of abode" and mail delivery to the person's last known residence or actual place of business, *id.* § 308(2). If service cannot be effected by those methods "with due diligence," then a person can be served by "nail and mail," *i.e.*, the combination of "affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode" and "either mailing the summons to such person at his or her last known residence or . . . at his or her actual place of business." *Id.* § 308(4); *see Gibson v. Salvatore*, 476 N.Y.S.2d 930, 932 (2d Dep't 1984). But when service under the methods set out by subsections (1), (2), and (4) of Section 308 is "impracticable," a court may direct a manner of service "upon motion without notice." N.Y. C.P.L.R. § 308(5).[1]

"Section 308(5) requires a showing of impracticability, under the facts and circumstances of the case, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Day*, 2021 WL 6427556, at *1 (citation modified). "Courts have found the impracticability standard met where, despite a diligent search, a plaintiff has demonstrated that her efforts to obtain information regarding the defendant's current residence or place of abode through ordinary means had proven ineffectual." *Bozza v. Love*, No. 15 Civ. 3271 (LGS), 2015 WL 4039849, at *1 (S.D.N.Y. July 1, 2015) (citation modified). Whatever manner of service a court allows must comport with due process, which "require[s] that any means of service be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *F.T.C. v.*

---

[1] An individual also may be served via a designated agent. *See* N.Y. C.P.L.R. § 308(3).

*PCCare247 Inc.*, No. 12 Civ. 7189 (PAE), 2013 WL 841037, at *4 (S.D.N.Y. Mar. 7, 2013) (citation modified).

For similar reasons why Plaintiff has not shown good cause to extend the service deadline, *see supra* I, Plaintiff also has not shown that traditional service under New York law is impracticable "despite a diligent search" to obtain information of Defendant's current residence or place of abode. *Bozza*, 2015 WL 4039849, at *1. Plaintiff has attempted service at two possible addresses for Defendant, and only once at each location. *See* Mejia Affidavits at 1-2. The first address appears to have been recorded by law enforcement at the scene of the accident nearly three years ago. *See* Motor Vehicle Crash Report at 1. The process server reported that this site was "vacant." Mejia Affidavits at 1. The second address, which came from a DMV database, *see* DMV Database at 2, was "vacant and being renovated," according to the process server. Mejia Affidavits at 2. Plaintiff has not shown that he has tried to ascertain if Defendant continues to reside at either address or in the vicinity. Nor has he tried to locate Defendant at the other addresses listed under "Address History" in the DMV database. *See* DMV Database at 3-4. Plaintiff also has not claimed to have taken any other measures to locate another address for Defendant. *See generally* Dkt. 11.

The decisions Plaintiff cites in support of his request for alternative service via Defendant's insurer all entailed a far stronger showing of impracticability. *See* Motion at 4. *Esposito v. Ruggerio*, for instance, involved submissions by the plaintiff "demonstrat[ing] that [the defendant] had moved from the address set forth in the accident report [and] that she had left no forwarding address with postal authorities." 598 N.Y.S.2d 66, 67 (2d Dep't 1993). In *Gibson*, the plaintiff attempted service at the defendant's address three times, the plaintiff received notice from the postal service that mail to that address was "[n]ot [f]orwardable," and the defendant's insurance

carrier also could not locate the defendant. 476 N.Y.S.2d at 932. And in *Dobkin v. Chapman*, the plaintiff sent numerous mailings to two addresses listed for the defendant and received in return mailings the unopened summonses and complaints with the note, "Moved. L[ef]t no address," and the sheriff of the defendant's home county could not locate the defendant. 236 N.E.2d 451, 454 (N.Y. 1968).

In contrast to the steps taken by the plaintiffs in those cases, Plaintiff here has not shown that he conducted a diligent search for Defendant's address or that his "efforts to obtain information regarding the defendant's current residence or place of abode through ordinary means ha[s] proven ineffectual." *Bozza*, 2015 WL 4039849, at *1 (citation modified). Plaintiff thus has not met his burden of showing impracticability. While Plaintiff's motion for alternative service is denied, he may renew his motion in the event he can show that he diligently searched for Defendant's current address and that service by methods under subsections (1), (2), and (4) of N.Y. C.P.L.R. Section 308 is impracticable.

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion to extend his deadline to effectuate service of process by ninety days until September 14, 2026, and denies his motion for alternative service. Plaintiff shall (1) mail a copy of the Summons, Complaint, and this Opinion and Order to Defendant at 748 East 223rd Street, 3rd Floor, Bronx, New York 10466, and 3127 Sedgwick Avenue, Bronx, New York 10463; (2) include a copy of this Opinion and Order when it serves process on Defendant; and (3) serve a copy of this Opinion and Order on Defendant's vehicle insurer, the American Transit Insurance Company.

The Clerk of Court is respectfully directed to close Docket Number 11.

SO ORDERED.

Dated: June 10, 2026
       New York, New York

_____
JOHN P. CRONAN
United States District Judge